FILED
 2013 Mar-28 PM 03:38
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ALPHONZO ABRAHAM,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CASE NO. 2:11-cv-4358-SLB** |
| | ) |
| **THE GREATER BIRMINGHAM** | ) |
| **HUMANE SOCIETY, INC., et. al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION

This case is before the court on defendants' Opposition to Plaintiff's Motion for Leave to Amend Complaint and in the alternative Motion to Dismiss Verified Amended Complaint. (Doc. 24.)[1] Also pending are defendants' Motion to Dismiss Complaint, (doc. 19), and plaintiff's Motion for Leave to Amend Complaint, (doc. 23). On February 6, 2013, the court issued a Show Cause Order ordering plaintiff to show cause why defendants' Motion to Dismiss, (doc. 24), should not be granted. On February 19, 2013, plaintiff responded to the court's Show Cause Order.

Upon consideration of the motions, the court is of the opinion that defendants' Motions to Dismiss, (docs. 19 and 24), are due to be denied with leave to refile, and

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

plaintiff's Motion for Leave to Amend, (doc. 23), is due to be denied with leave to refile an Amended Complaint.

## Procedural History

Plaintiff commenced this suit on December 30, 2011. (*See* doc. 1.) The Complaint did not contain any factual allegations explaining what actually occurred, nor did the Complaint list any claims of relief. Instead, the two-page Complaint was divided into three separate sections titled "Introduction," "Jurisdiction Statement," and "All Administrative Remedies Exhausted." In the "Jurisdiction Statement," it is alleged that plaintiff seeks relief under Title VII, the ADEA, and the ADA for race discrimination and retaliation.

The Complaint stated that the EEOC sent plaintiff's right-to-sue letter "on or about September 28, 2011." *Id*. at ¶ 4. Claims brought pursuant to Title VII, the ADEA, and the ADA are time-barred unless filed within 90 days after the plaintiff receives the right-to-sue letter. Under the Federal Rules of Civil Procedure, the court presumes that receipt occurs three days after the document was mailed when the actual date of receipt is unknown. FED. R. CIV. P. 6(d). Accordingly, based on the allegations in the Complaint, the court would have presumed that plaintiff received the right-to-sue letter on October 1, 2011. If plaintiff received the right-to-sue letter on October 1, 2011, he commenced this lawsuit on the last day within the 90-day period.

Two days after filing the Complaint, plaintiff filed a Motion for Relief, (doc. 2). The Motion for Relief requested relief from the 90-day time period in which to file suit. Plaintiff

stated that the right-to-sue letter was sent on September 28, 2011, and that time period ended on December 28, 2011. Plaintiff explained that his attorney "sought to file it electronically on or before the December 28, 2011 deadline, but was unable to do so for reasons not known to the attorney, so attorney filed the complaint . . . directly with the Clerk of Court." (Doc. 2, ¶4.) Evidently, plaintiff was unaware that: (1) the 90-day time period begins to run upon receipt of the right-to-sue letter, and that (2) courts presume that relevant documents are received three days after being sent when the actual date of receipt is unknown. In other words, plaintiff was unaware that his Complaint was timely filed based on the allegations in his Complaint.

Defendants responded by filing a Motion to Dismiss, (doc. 5). The Motion to Dismiss sought dismissal on several grounds. These grounds included: (1) plaintiff's failure to allege any age or disability discrimination or any alleged violation of the ADEA or ADA in his EEOC charge; (2) plaintiff's failure to identify a basis for suing the individual defendants in their official capacity; (3) plaintiff's failure to support any claim of any type with specific factual allegations; (4) the fact that Title VII, the ADA, and the ADEA do not provide a right of action against individual defendants in their individual capacity; and (5) plaintiff's failure to file the Complaint within 90 days of receiving his right-to-sue letter from the EEOC. With respect to the last argument, defendants noted that plaintiff admitted in his Motion for Relief that "Plaintiff missed the 90-day deadline" and requested "an extension of the filing deadline."

Plaintiff responded by filing a Response to the Motion to Dismiss, (doc. 10), a Motion to Withdraw the Motion for Relief, (doc. 9), and an Amended Complaint, (doc. 8.) In the Amended Complaint, plaintiff plainly stated that he received the right-to-sue letter on September 30, 2011. (Doc. 8 ¶ 4.) However, if plaintiff received his right-to-sue letter on September 30, 2011, the Complaint was filed one day outside the 90-day statute of limitations. If he received the right-to-sue letter after September 30, 2011, then plaintiff filed the Complaint within the statutory deadline. In paragraph 2 of the Motion to Withdraw, plaintiff reasserted that he received the right-to-sue letter on September 30, 2011. (Doc. 9 ¶ 2.) Plaintiff contradicted this statement two paragraphs later, stating that he "<u>did not receive</u> that letter until **after** Friday, September 30, 2011." (*Id.* ¶ 4 [second emphasis added].) Plaintiff, however, contradicted that statement in the following paragraph by reasserting that he "did not receive the EEOC letter until September 30, 2011." (*Id.* ¶ 5.) In the Response to the Motion to Dismiss, plaintiff again represented that he received the EEOC letter on September 30, 2011. (Doc. 10 ¶ 2.)

Therefore, the only allegation that plaintiff received the right-to-sue letter <u>AFTER</u> September 30, 2011, was contained in a single paragraph in plaintiff's Motion to Withdraw. (*See* doc. 9 ¶ 4.)

During the hearing on defendants' Motion to Dismiss, plaintiff's counsel stated that plaintiff received the right-to-sue letter after September 30, 2011, and that he stated as much "somewhere" in the record. The court orally reprimanded plaintiff's counsel for his

4

inconsistent representations. Nonetheless, the court granted plaintiff an opportunity to amend the Complaint. The court informed plaintiff's counsel that the amended pleading should contain specific factual allegations supporting plaintiff's claims, set forth discrete causes of action, comply with all the relevant rules of civil procedure, and provide the exact date when plaintiff received his right-to-sue letter. The court mentioned that Rule 11 sanctions could come into play because of the plaintiff's repeated representations that plaintiff received the EEOC letter on September 30, 2011.

Thereafter, plaintiff filed a Motion for Leave to File Amended Complaint, (doc. 23-1), alleging causes of action for negligence (Count I), wantonness (Count II), bad faith (Count III), conspiracy (Count IV) and retaliation (Count V) with the Greater Birmingham Humane Society as the only defendant. Although the plaintiff states "[t]his action is properly before the court because this is a cause involving racial discrimination and retaliation," (*id*. ¶ 6), plaintiff does not explicitly set forth a discrete claim for race discrimination. Incredibly, plaintiff now alleges in the proposed Amended Complaint that he did not receive the EEOC letter until <u>OCTOBER 10, 2011</u>. (*Id.* ¶ 4f.) Plaintiff alleges that the EEOC sent the letter to his former residence (his aunt's house) and that he picked it up 12 days after September 28, 2011. (*Id.* ¶ 4a-c & 4f.)

Defendant responded by filing an Opposition to Plaintiff's Motion for Leave to Amend Complaint and in the alternative Motion to Dismiss Verified Amended Complaint, (doc. 24). Defendant seeks to dismiss based on the following grounds: (1) lack of subject matter

jurisdiction; (2) failure to state a claim upon which relief can be granted; (3) that the Complaint is time-barred by the applicable statute of limitations; and (4) that the Title VII claims are time-barred for failure to file suit within 90 days of receiving the right-to-sue letter. With respect to its last argument, defendant states as follows:

> [T]he Plaintiff's Verified Amended Complaint fails to correct the lingering issue of the Plaintiff not filing this lawsuit within the required 90 days of receipt of his right-to-sue letter in order to maintain any cause of action under Title VII. The Plaintiff has now presented the Court with at least three different versions of how and when he received his right-to-sue letter, but the latest version, like the previous versions, fails to support a viable Title VII claim. Specifically, the Plaintiff now appears to contend that the right-to-sue letter was sent to the address that he provided to the EEOC, but it appears that he allegedly resided at another address sporadically, leading to an alleged delay in his actually receiving and opening the right-to-sue letter. Even if the Court were inclined to entertain this latest version, it is still insufficient to support the Plaintiff's Title VII claims. It is well established that in order to maintain a Title VII action, a Plaintiff must file suit within 90 days of "receipt" of a right-to-sue letter. *Henderson v. NCO Fin. Sys.*, 2010 WL 1382737 (S.D.Ala. 2010). The term "receipt" has been interpreted to mean when the letter actually arrives at the address supplied to the EEOC not when the plaintiff allegedly took possession of it and opened it. *Henderson*, at 5. In this case, the Plaintiff's initial Motion for Relief (Document 2) acknowledged that the Plaintiff failed to file his Complaint within the required 90 days. The Plaintiff subsequently filed a Motion to Withdraw Relief Motion (Document 9) specifically stating: "following the filing of the original Complaint and later discussion of the case between the attorney and the Plaintiff, it became clear to the attorney that the Plaintiff did not receive the EEOC letter until Friday, September 30, 2011." Motion to Withdraw Relief Motion (Document 9) paragraph 5. Now, in his Verified Amended Complaint, the Plaintiff would have the Court believe that he did not actually receive the right-to-sue letter until "approximately 12 days after the September 28, 2011, date of the letter." Plaintiff's Verified Amended Complaint, paragraph 4(f). **Again, the Plaintiff has given the Court no explanation for his inconsistent and self-serving manipulation of the allegations. Remarkably, despite being admonished by the Court to plead the necessary factual support for the claims with specificity and with full knowledge that the timing of the receipt of the**

> **right-to-sue letter is a critical issue, the Plaintiff's Verified Amended Complaint does not even allege when the right-to-sue letter was purportedly delivered to his address, which would constitute the date that it was "received" under the applicable law.** Under the circumstances, the Defendant respectfully submits that the Court should disregard the allegations of the Verified Amended Complaint to the extent that they contradict the Plaintiff's own previous allegations, which clearly demonstrate that the Complaint was not filed within 90 days of receipt of the right-to-sue letter.

(Id. ¶ 9.) (Emphasis added by the court.)

Defendants correctly note that the date of receipt should be the date the letter arrived at the address supplied to the EEOC, but this date is unknown. Therefore, the court must apply the rule that receipt occurs three days after the document was sent. *See* Fed. R. Civ. P. 6(d). This rule makes October 1, 2011 as the date plaintiff received the letter, which is within 90 days of when plaintiff commenced this lawsuit.

On February 6, 2013, the court issued a Show Cause Order, (doc. 25), ordering plaintiff to show cause why defendants' Motion to Dismiss should not be granted. Plaintiff responded on February 19, 2013. Inexplicably, plaintiff only addressed defendants' fourth argument (that the Complaint was not filed within 90 days of the right-to-sue letter.) Plaintiff essentially "copied and pasted" the factual allegations from the proposed Amended Complaint concerning when he received the right-to-sue letter. This response is troubling for two reasons.

First, plaintiff's failure to address defendant's other arguments for dismissal contravenes the court's Show Cause Order. The Show Cause Order directed plaintiff to show

cause why the Motion to Dismiss should not be granted, and defendant had a number of arguments as to why this action should be dismissed. Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue. The Show Cause Order placed the burden on plaintiff to demonstrate that this case should not be dismissed, and this he clearly failed to do.

Second, plaintiff provides no justification for his inconsistent and self-serving manipulation of the date he received the right-to-sue letter. Throughout this litigation, plaintiff has continually represented to the court that he received the right-to-sue letter on September 30, 2011. In one paragraph in the Motion to Withdraw, plaintiff did state that he received the letter after September 30, 2011. Yet, in the following paragraph, he reasserted that he received the right-to-sue letter on September 30, 2011. The response to the Show Cause Order presents no reason why the court should disregard his multiple representations that he received the right-to-sue letter on September 30, 2011, and accept plaintiff's new version of the facts as true.

Despite the foregoing problems, the court will allow plaintiff <u>one last</u> opportunity to amend his Complaint. An order denying plaintiff's current Motion for Leave to Amend, denying the pending motions to dismiss, and allowing plaintiff one last chance to amend his Complaint will be entered contemporaneously herewith.[2]

---

[2]Before reasserting any state law claims, counsel and plaintiff are **DIRECTED** to carefully consider the law as applied to the facts of this case. The court agrees with defendant that the facts alleged in the Amended Complaint fail to state a claim for

    **DONE**, this 28th day of March, 2013.

 

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

negligence, wantonness, bad faith, or conspiracy under Alabama law.  In addition, as argued by defendants in their opposition to plaintiff's Motion for Leave to Amend, (doc. 24), based on the facts alleged in plaintiff's proposed Second Amended Complaint, these causes of action are time-barred.  *Id*. at 5-6.  Plaintiff and his counsel are reminded of the requirements of FED. R. CIV. P. 11(b) (pay representations to the court) and (c) (sanctions).