UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALPHONZO ABRAHAM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 2:11-cv-04358-SLB |
| | ) |
| **THE GREATER BIRMINGHAM** | ) |
| **HUMANE SOCIETY, INC.,** a | ) |
| charitable agency, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 30.)[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Motion to Dismiss is due to be granted in part and denied in part. The motion will be granted as to the Motion to Dismiss plaintiff's state law claims and denied as to the Motion to Dismiss plaintiff's Title VII retaliation claims.

## I. STANDARD OF REVIEW

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

"does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations and footnote omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002). "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997) (emphasis in original; citation omitted).

"A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Tregenza v. Great Am. Comm'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993) (internal quotation marks and alterations omitted). Accordingly, "[d]ismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (quoting *La Grasta*, 358 F.3d at 845) (internal quotation marks omitted).

## II. STATEMENT OF FACTS

Plaintiff filed this lawsuit against his former employer the Greater Birmingham Humane Society, Inc. ("defendant") on December 30, 2011. (*See* doc. 1)[2] The Complaint did not include any factual allegations regarding the events giving rise to this case, nor did the Complaint list any causes of action. (*Id*.) The Complaint, consisting of less than two pages, mentioned in passing that plaintiff seeks relief for acts of discrimination and retaliation in violation of Title VII of the Civil Rights Act, ("Title VII"), the Age Discrimination in Employment Act, ("ADEA"), and the Americans with Disabilities Act, ("ADA"). (*Id*. ¶ 8.) Claims brought pursuant to these statutes are time-barred unless filed within ninety days after

---

[2] Plaintiff also sued the individuals that comprise defendant's Board of Directors in their official capacities in the original Complaint. Plaintiff dropped these individuals as defendants in his subsequent amended complaints.

the plaintiff receives notice of his right to sue letter from the Equal Employment Opportunity Commission ["EEOC"].

In Paragraph 4 of the Complaint, plaintiff stated that "a final letter following the [EEOC] investigation was *sent* by the EEOC to the Plaintiff on or about September 28, 2011." (*Id*. ¶ 4 [emphasis added].) Rule 6(d) of the Federal Rules of Civil Procedure creates a presumption that receipt occurs three days after the mailing date if the date of receipt is unknown. Fed. R. Civ. P. 6(d). Since the Complaint did not specify when plaintiff received the letter, the court would have presumed that plaintiff received the letter on October 1, 2011. Assuming plaintiff received the letter on October 1, 2011, plaintiff commenced suit on the final day within the 90-day limitations period. Evidently unaware that the Complaint was timely as alleged, plaintiff filed a Motion for Relief seeking equitable relief from the 90-day statute of limitations on January 2, 2012. (Doc. 2.) Plaintiff indicated that the 90-day limitations period expired on December 28, 2011, two days prior to the commencement of this action, because the EEOC sent the right to sue letter on September 28, 2011. (*Id*. ¶¶ 2-3.) Plaintiff requested such relief from the statutory deadline on grounds that his attorney "sought to file it electronically on or before the December 28, 2011 deadline, but was unable to do so for reasons not known to the attorney, so the attorney filed the complaint . . . directly with the Clerk of Court."[3] (*Id*. ¶ 4.)

---

[3] It is readily apparent that plaintiff was unaware that: (1) the 90-day limitations period commences upon the receipt, not mailing, of the right to sue letter and (2) if that date is unknown, the court presumes receipt occurs three days after mailing date.

Defendant filed a Motion to Dismiss and an opposition to plaintiff's Motion for Relief. (*See* doc. 5.)[4] The Motion to Dismiss asserted that dismissal was warranted on several grounds, including expiration of the statute of limitations. (*Id.*) As to its statute of limitations argument, defendant contended that "plaintiff missed the 90-day deadline" by his own admission in the Motion for Relief and that the alleged justification for the untimeliness – electronic difficulties – did not justify equitable tolling. (*Id*. at 5-7).

Plaintiff responded to the Motion to Dismiss by filing an Amended Complaint, (doc. 8), a Motion to Withdraw the Motion for Relief, (doc. 9), and a Verified Response to Defendants' Motion to Dismiss, (doc. 10). In the Amended Complaint, plaintiff alleged that he received the EEOC right-to-sue letter *on* September 30, 2011. (Doc. 8 ¶ 4.) According to plaintiff's calculations, the 90-day limitations period therefore expired on December 30, 2011 – the day plaintiff commenced this litigation. (*Id*. ¶ 5.) Plaintiff reiterated that he received the right-to-sue letter *on* September 30, 2011 in Paragraph 2 of the Motion to Withdraw the Motion for Relief. (Doc. 9 ¶ 2.) This statement is contradicted two paragraphs later wherein plaintiff stated that he "did not receive that letter until *after* Friday, September 30, 2011." (*Id.* ¶ 4. [emphasis added].) Nevertheless, plaintiff contradicts that statement in the following paragraph, emphasizing that he "<u>did not receive</u> the EEOC letter until Friday, September 30,

---

[4] The first Motion to Dismiss was also filed on behalf of the individual members of GBHS's Board of Directors, whom plaintiff originally named as defendants to this action. Plaintiff subsequently dropped these individuals as defendants in the now-operative Amended Complaint.

2011." (*Id.* ¶ 5 [emphasis in original].) Plaintiff further alleged that he received the right-to-sue letter *on* September 30, 2011 in his opposition to the Motion to Dismiss. (Doc. 10 ¶ 12.)

At oral argument on defendants' Motion to Dismiss, the court informed counsel for plaintiff that the claims are time-barred even assuming plaintiff received the letter on September 30, 2011. Specifically, plaintiff had miscalculated the 90-days limitations period, as 90 days from September 30, 2011 is December 29, 2011, not December 30, 2011. The court further noted that the Complaint was not time-barred as alleged based on the three-day mailing presumption provided for by Rule 6(d). Thereafter, plaintiff's counsel indicated that plaintiff received the right-to-sue letter *after* September 30, 2011, and that this was reflected "somewhere" in the record. Plaintiff's counsel offered no explanation for plaintiff's repeated representation that the right-to-sue letter was received on September 30, 2011. The court ultimately struck the Amended Complaint upon motion of defendant for failure to comply with the requirements of Rule 15 of the Federal Rules of Civil Procedure, (*see* doc. 20), but denied defendant's Motion to Dismiss to afford plaintiff an opportunity to replead his claims in compliance with Federal Rules of Civil Procedure 8(a), 8(e)(1), 10(b), and 11(b), (*see* docs. 21 & 22).

Plaintiff thereafter filed a Motion for Leave to File Amended Complaint, (doc. 23). In the proposed Amended Complaint attached thereto, plaintiff alleged, for the first time in this litigation, causes of action under Alabama state law for negligence, wantonness, bad faith failure to investigate, and conspiracy based on events surrounding his 2009 termination

from defendant's employment. (Doc. 23-1 ¶¶ 25-40.) The only remaining federal cause of action alleged was a retaliation claim under Title VII. (*Id*. ¶¶ 41-43.) Furthermore, plaintiff also alleged for the first time in this litigation that he received the right-to-sue letter on approximately October 10, 2011. (*Id*. ¶ 4c.) Plaintiff explained that the EEOC mailed the letter to his former residence (his aunt's house) and that he took possession of the letter 12 days after September 28, 2011. (*Id*.)

In response, defendant filed an Opposition to Plaintiff's Motion for Leave to Amend Complaint and in the alternative Motion to Dismiss the proposed Amended Complaint, (doc. 24). Defendant presented several arguments as to why plaintiff's claims should be dismissed, including that both plaintiff's state law claims and Title VII retaliation claim were time-barred by the applicable statute of limitations. (*Id*. ¶¶ 8-9.) With respect to the retaliation claim, defendant argued that the court should disregard plaintiff's self-serving allegation that he received the right-to-sue letter in early October in light of his repeated representation that he received the letter on September 30, 2011. (*Id*. ¶ 9.)

The court issued a Show Cause Order, (doc. 25), requiring plaintiff to show cause why the Motion to Dismiss should not be granted. Incredibly, plaintiff's response only addressed defendant's argument that the court should accept September 30, 2011 as the date plaintiff received the right-to-sue letter based on his prior representations to the court. (*See* doc. 26.) By Memorandum Opinion dated March 27, 2013, the court denied plaintiff's Motion for Leave to Amend Complaint. (*See* doc. 27.) Nevertheless, in the interest of justice, the court

also denied defendant's Motion to Dismiss to "allow plaintiff <u>one last</u> opportunity to amend his Complaint." (*Id*. at 8 [emphasis in original].) In Footnote 2, the court stated as follows:

> Before reasserting any state law claims, counsel and plaintiff are **DIRECTED** to carefully consider the law as applied to the facts of this case. The court agrees with defendant that the facts alleged in the Amended Complaint fail to state a claim for negligence, wantonness, bad faith, or conspiracy under Alabama law. In addition, as argued by defendants in their opposition to plaintiff's Motion for Leave to Amend, (doc. 24), based on the facts alleged in plaintiff's proposed Second Amended Complaint, these causes of action are time-barred. *Id*. at 5-6. Plaintiff and his counsel are reminded of the requirements of FED. R. CIV. P. 11(b) (representations to the court) and (c) (sanctions).

(*Id*. at 8-9 n.2.)

Plaintiff filed a now-operative Amended Complaint on April 17, 2013. The Amended Complaint inexplicably reasserts these same state common law claims and provides no allegations which would support equitable tolling.

### III. DISCUSSION

**A.   STATE LAW CLAIMS**

In his proposed Amended Complaint, plaintiff asserted, for the first time in this litigation, causes of action under Alabama state law for negligence, wantonness, bad faith failure to investigate, and conspiracy based on his termination. (Doc. 23-1.) Defendant opposed allowing this Amended Complaint. Defendant correctly noted that the state law claims were barred by the applicable two-year statute of limitations, Ala. Code. § 6-2-38(l), because the alleged misconduct occurred, at the latest, on plaintiff's termination date in November of 2009, and plaintiff filed the Motion for Leave to Amend on September 18,

2012. ALA. CODE § 6-2-38(1) (1975). The court acknowledged defendant's argument in its Memorandum Opinion denying the Motion for Leave to Amend but affording plaintiff a second opportunity to replead his claims. (Doc. 27.) The court expressly stated that:

> Before reasserting any state law claims, counsel and plaintiff are DIRECTED to carefully consider the law as applied to the facts of this case. The court agrees with defendant that the facts alleged in the Amended Complaint fail to state a claim for negligence, wantonness, bad faith, or conspiracy under Alabama law. In addition, as argued by defendants in their opposition to plaintiff's Motion for Leave to Amend, (doc. 24), based on the facts alleged in plaintiff's proposed Second Amended Complaint, these causes of action are time-barred. *Id*. at 5-6. Plaintiff and his counsel are reminded of the requirements of FED. R. CIV. P. 11(b) (representations to the court) and (c) (sanctions).

(*Id*. at 8-9 n.2.) Notwithstanding this admonishment, plaintiff filed an Amended Complaint on April 17, 2013, reasserting these same state common law claims and providing no allegations which would support equitable tolling. (Doc. 29.)

In the instant Motion to Dismiss, defendant again contends that plaintiff's state-law claims are barred by the applicable statute of limitations. That statute of limitations, Ala. Code. § 6-2-38(*l*), provides, "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." ALA. CODE § 6-2-38(1) (1975); *See Ishler v. C.I.R.*, 442 F. Supp. 2d 1189, 1211 (N.D. Ala. 2006) *aff'd sub nom. Ishler v. Internal Revenue*, 237 F. App'x 394 (11th Cir. 2007) ("A fraud or conspiracy claim under Alabama law must be brought within two years of the date on which the claim accrues." (citing ALA. CODE § 6-2-38(l)); *ALFA Mut. Ins. Co. v. Smith*, 540 So.2d 691, 692 (Ala.1988) ("The statute of limitations for bad faith claims

arising on or after January 9, 1985, is two years." ) As defendant correctly points out, the misconduct underlying plaintiff's state law claims could not have occurred later than the date of plaintiff's termination in November of 2009. Moreover, it is readily apparent on the face of the Amended Complaint that plaintiff was fully aware of the alleged misconduct at the time it occurred. Accordingly, plaintiff's state law claims are time-barred and due to be dismissed.

**B. TITLE VII RETALIATION**

    **A.    Statute of Limitations**

The court will apply the three-day presumption of receipt provided for in Rule 6(d) of the Federal Rule of Civil Procedure and presume that plaintiff received the right-to-sue letter on October 1, 2011. If the date when plaintiff received the right-to-sue letter is unknown, it is presumed that service by regular mail is received three days from the mailing date pursuant to Fed. R. Civ. P. 6(d). *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."). The 3-day presumption does not apply when the date of receipt is known.

The date of receipt is not the day defendant actually took possession of the right-to-sue letter, but the date that the letter arrived at the address supplied by the plaintiff to the EEOC. *See, e.g.*, *Henderson v. NCO Fin. Sys.*, CA 09-0769-CG-C, 2010 WL 1382737 (S.D. Ala. Mar. 12, 2010) *report and recommendation adopted*, CA 09-0769-CG-C, 2010 WL

1382668 (S.D. Ala. Mar. 31, 2010). In this case, the date of receipt is the date that the EEOC letter arrived at the aunt's house. Therefore, the critical question is whether the right-to-sue letter arrived at plaintiff's aunt's address on or before September 30, 2011. Here, that information is unknown. Accordingly, the 3-day presumption of Rule 6(d) is applicable.

Defendant's argument for dismissal requires the court to bind plaintiff to his previous assertions that he received the right-to-sue letter on September 30, 2011. However, plaintiffs are entitled to take contrary positions to avoid dismissal. At the motion to dismiss stage, a district court may not look outside the four corners of the complaint, and "[i]t is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio* (meaning they have no further legal effect or authority)." *W. Run Student Hous. Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 172 (3d Cir. 2013) (quoting *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir.1998)) (internal quotation marks omitted). "If certain facts or admissions from the original complaint become *functus officio*, they cannot be considered by the court on a motion to dismiss the amended complaint. A court cannot resuscitate these facts when assessing whether the amended complaint states a viable claim." *Id.* (quoting *Kelley*, 135 F.3d at 1205) (internal quotation marks omitted).

Accordingly, even though plaintiff alleged in his first Amended Complaint (which was stricken) that he received the right-to-sue letter **on** September 30, 2011, those allegations have been superceded by the allegations in the now-operative Verified Amended Complaint.

11

Since the Verified Amended Complaint does not specify when the right-to-sue letter arrived at plaintiff's aunt's house (and that information is unknown), the 3-day presumption of Rule 6(d) applies to make the date of receipt October 1, 2011 – and therefore, the Complaint was timely filed.

### B.     Failure to State a Claim

Plaintiff states a claim for retaliation under Title VII. A plaintiff alleging a retaliation claim under Title VII must begin by establishing a prima facie case: "the plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." *Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997).

Plaintiff engaged in statutorily protected activity when he allegedly complained of race discrimination to defendant's HR Manager Kathy Lambe. Prior to that point, the Verified Amended Complaint alleges that employees Joe Murphy and Stephanie Wilson made inflammatory racial remarks to plaintiff, which included calling him "Boy," and a "dumb, stupid, illiterate a** ni****." He filled out the necessary paperwork, but no action was taken on plaintiff's HR complaint to his knowledge. Plaintiff alleges that he suffered adverse employment actions following his complaint in the form of unwarranted reprimands and eventually being terminated.

Although plaintiff does not identify the date he complained to HR, there is nothing in the Amended Complaint that affirmatively shows that he cannot demonstrate a causal connection between his complaint to HR and his termination. It is possible that the temporal proximity of the two events would be sufficient to establish a causal connection because he alleges that the racist comments began in the middle of 2009, and he was subsequently terminated in November of 2009.

Plaintiff has plead sufficient facts to establish his prima facie case of retaliation, and so defendant's motion to dismiss on this claim is denied.

### IV. <u>CONCLUSION</u>

Defendant's Motion to Dismiss will be granted as to plaintiff's state law claims and denied as to plaintiff's Title VII retaliation claims.

**DONE**, this 17th day of March, 2014.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE